AO 472  (Rev. 11/16)  Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
August 16, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 4:23-mj-1602 |
| Abigal Jo Shry | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

   X   Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

   X   Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

<u>X</u> By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    <u>X</u> Weight of evidence against the defendant is strong
    ☐ Subject to lengthy period of incarceration if convicted
    <u>X</u> Prior criminal history
    X Participation in criminal activity while on probation, parole, or supervision
    ☐ History of violence or use of weapons
    <u>X</u> History of alcohol or substance abuse
    <u>X</u> Lack of stable employment
    <u>X</u> Lack of stable residence
    ☐ Lack of financially responsible sureties
    ☐ Lack of significant community or family ties to this district
        Significant family or other ties outside the United States
        Lack of legal status in the United States
    ☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered
　Prior attempt(s) to evade law enforcement
　Use of alias(es) or false documents
☐ Background information unknown or unverified
X Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

For all the reasons stated on the record, the Court finds by clear and convincing evidence that no present conditions or combination of conditions of release will reasonably assure the safety of any other person or the community.  Defendant, age 43, is charged with making threats to a United States District Judge and to a United States Congresswoman. The facts related to these threats are fully set forth in the Affidavit Supporting the Criminal Complaint. (Dkt. No. 1.) Including the instant case, Defendant has been criminally charged four times in the past year for engaging in similar conduct. On September 20, 2022, she was convicted in two separate cases (misdemeanor resisting arrest and misdemeanor criminal mischief) and sentenced to 30 days imprisonment. Recently, on July 11, 2023, she was charged with misdemeanor threat causing fear of imminent serious bodily injury. It is alleged that she committed the instant offense while on bond for the July 11 incident, less than one month after it occurred.

Defendant suffers from major depression and has a long history of substance abuse. She denies using any illegal substances for the past year. However, according to Defendant's father, she excessively drinks beer daily. Defendant lives with her boyfriend, but he is presently charged with a family assault against her. Defendant has two children, ages 17 and 19, who currently live with her parents.

Defendant's father, Mark Shry testified at the detention hearing. Mr. Shry believes that Defendant is a non-violent alcoholic. He testified that she sits on her couch daily watching the news while drinking too many beers. She then becomes agitated by the news and starts calling people and threatening them. Mr. Shry stated that his daughter never leaves her residence and therefore would not act upon her threats. He has agreed that Defendant can reside with him and Defendant's mother, and he would serve as a third-party custodian.

Defendant's aggressive and threatening behavior has continually escalated during the past year as evidenced by her criminal conduct in four separate cases. She advised U.S. Probation that she is not interested in receiving any substance abuse or mental health services. To the contrary, the Court strongly believes that Defendant needs to receive inpatient substance abuse therapy and mental health treatment. These services, however, will not be effective unless Defendant truly wishes to receive them.

Therefore, the Court ORDERS that Defendant should remain in custody for the next 30 days to reasonably assure the safety of any other person or the community. The Court will hold a hearing at 11 a.m. on September 13, 2023. The purpose of the hearing is to hear from the parties as to why Defendant should or should not be immediately released from custody and placed into an inpatient substance abuse therapy and mental health treatment program. Before the hearing, the Court will request U.S. Probation to locate such program with available bed space.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____August 23, 2023_____     _____

                                          Sam S. Sheldon
                                          United States Magistrate Judge